### COURT OF APPEALS, NOV. TERM, 1803.

#### DORSEY's Ex'rs. *vs.* WHETCROFT's Adm'r.

APPEAL from the general court. The appellee brought an action of *debt* against the appellant, upon a judgment, recovered by intestate against the appellant's testator, in the general court. Plea *nul tiel record* and *replication, habetur tale recordum.* The general court, upon *inspection of the record,* gave judgment for the appellee; from which judgment this appeal was made. The case standing under *rule argument,*

*Where on plea of nul tiel record to an action of debt on a judgment, the court decide by an inspection of the record, the record inspected makes no part of the proceedings, and does not go up to the appellate court, where there is an appeal.*

*Ridgely*, for the appellants, moved for a writ of *diminution* to the general court. He stated, that by the record transmitted from the general court to this court, the record which the general court had inspected did not make a part of the record now before this court, so that this court could not determine whether the general court had given a proper judgment or not. That to enable this court to form a correct judgment in the case, the inspected record should appear.

*Key*, for the appellee. Upon the plea of *nul tiel record*, the court, like the jury in other cases of fact, determine by an inspection of the record. If the party wished for the benefit of a revision of the court's opinion, the counsel ought, by the pleadings, to have spread the former record upon the present one, so that it might constitute a part of it. There is no case where upon the plea of *nul tiel record*, the inspected record is made a part of the proceedings. Suppose the court had said there was *no such record*, and if there had been none, how could it make a part of the proceedings? The party is bound by the decision in the same manner as if the jury had given a verdict.

*Ridgely*, in reply. If this court decide on the record, as it now stands, they must do so without the whole case before them. This case may be assimilated to the case of a petition for freedom, which formerly was decided by the court without the intervention of a jury; they there decided on the law and the facts, and the whole evidence constituted a part of the record, and in that way was transmitted to the appellate court, who decided upon it by an inspection of the proof. So in this case, where *nul tiel record* is pleaded, the record which the party says he has, and which he produced to the court for inspection, should form a part of the proceedings, that the superior court may fairly decide upon the correctness of the judgment below.

RUMSEY, Ch. J. The court are of opinion, that they cannot grant the writ of *diminution*. It does not appear to them that the record is diminished. None of the forms in the books introduce the inspected record; and if the writ were granted, the court cannot see how the record could be transmitted different from what it now is.

Suppose the action had been upon a judgment rendered in another court. The record of the judgment is offered in evidence, but not made a part of the proceedings, unless particularly excepted to, and introduced in a bill of exceptions.

*Martin* (Attorney General) *Ridgely*, *Mason* and *W. Dorsey*, for the Appellants.

*Key* and *Shaaff*, for the Appellee.

The Appellant's counsel *dismissed* the appeal.