THOMAS AYRES *vs.* EDWARD KAIN.—*December*, 1830.

A judgment of the County Court, upon an issue joined on a plea of *nul tiel record*, cannot be reviewed in the Appellate Court, when the appellant did not except to that judgment, and incorporate the record which was submitted to the court in a bill of exceptions, nor put any matter upon the record to shew why such judgment should not be rendered.

APPEAL from Harford County Court.

This was an action of *Debt,* brought upon an injunction bond by *Edward Kain,* (the appellee,) against *Thomas Ayres,* (the appellant.) The plaintiff, to a plea of general performance replied, shewing a final decree of the Court of Chancery dismissing the bill, to prosecute which the injunction bond declared upon, had been given. The defendant, *Ayres,* rejoined that there was no such decree; surrejoinder that there was such a decree and *profert* of the same. The County Court gave judgment for the plaintiff; upon which, after inquiry of damages executed, the defendant appealed.

The cause was argued before BUCHANAN, Ch. J., STEPHEN, and DORSEY, J.

*Speed,* for the appellant contended, that it was the duty of the appellee to produce the record, to sustain the judgment of the County Court.

*Gill,* for the appellee contended, that the record referred to in the plea was used in the court below merely as evidence, and that if the defendant supposed it did not sustain the replication, he should have excepted as in other cases, where the objection arises upon the evidence in the cause; and having failed to do that, the question was not now before the court.

**JUDGMENT AFFIRMED.**