ALEXANDER FRANKLIN
AND ROBERT FRANKLIN
vs.
BENJAMIN FRANKLIN.          DECEMBER TERM, 1848.

[REMEDIAL LAWS—ACT OF 1842, CH. 229—BILL OF REVIVOR.]

REMEDIAL laws are to be construed liberally, to advance the remedy and obviate the mischief; but, they are not to be so expanded, as to comprehend cases altogether beyond their purview.

So to apply and enlarge the law, would be judicial legislation under the guise of interpretation.

The act of 1842, ch. 229, only provides a more summary and economical remedy, when cases abate, either before or after decree, by the *death* of parties, and does not embrace the case of a decree which has become *dormant* by lapse of time.

The legal presumption, when the three years from the date of the decree have elapsed, is, that it has been executed or satisfied; and the appropriate remedy is, to revive it by a bill of revivor.

---

[On the 3d of January, 1849, a petition was filed in this cause, by Robert Franklin, against the widow and children of Benjamin Franklin, deceased, stating, that on the 25th of July, 1839, a decree was passed therein for the partition of the real estate of Robert Franklin, deceased, in Anne Arundel county, wherein lot No. 1 was assigned to Benjamin Franklin, the defendant, and lot No. 3 to the petitioner, and said Benjamin was directed to pay to the petitioner for owelty of partition, the sum of $1,335; that the whole of said sum of money, with interest, was still due, except $500, paid on the 1st of July, 1844, a receipt for

which was held by the administratrix of said Benjamin; that said Benjamin died, three or four years ago, intestate, leaving a widow, the administratrix above mentioned, and several infant children, all of whom reside on the estate and receive the rents and profits thereof; and praying, that the property might be decreed to be sold to pay said debt, or a writ of *fieri facias* issued, to enforce said decree. The defences made were, that the decree having passed more than three years before the petition was filed, it could only be revived by a regular bill of revivor; that a guardian should have been appointed to take the infant's answers; that there was no allegation of an insufficiency of the personal estate; that the debt had been fully paid; and, that the cause of action, under the said decree, was or ought to have been, included in the bill filed in this court by the petitioner, on the 18th of January, 1849, and if not, the two causes ought, at least, to be consolidated now.]

The Chancellor:

The petition filed in this case by Robert Franklin, on the 3d of January last, is founded upon the act of 1842, ch. 229; and, as must be conceded, must stand or fall, according as it may or may not be warranted by the provisions of that act. Its object is to procure, in a summary way, the execution of a decree passed by this court, on the 25th of July, 1839, either by a sale of the property supposed to be bound specifically by the decree, or an execution of *fieri facias* to make the money.

[After briefly alluding to the facts of the case, the Chancellor proceeded to notice the defence taken; that the decree ought to be revived by a bill of revivor.]

The act of assembly, upon which the petitioner relies, is a remedial law, and, to be construed liberally, to advance the remedy and obviate the mischief; but still, the court does not feel itself at liberty to stretch its provisions, to cases which do not appear to have been within the contemplation of the legislature, becaase, it may think that the convenience of parties—

always promoted by facilitating the administration of public justice—would be advanced by such extension of the law. The acts of the legislature, and especially those of the character now under consideration, are to receive a free and liberal interpretation; but, they are not to be so expanded as to comprehend cases altogether beyond their purview.

So to apply and enlarge the law, would be judicial legislation under the guise of interpretation.

The first section of the act was intended to cure the evil resulting from the death of defendants before the cause had ripened into a final decree; and, for that purpose authorizes the court, in its discretion, to order the cause to be proceeded in as if no such death had occurred, or, to direct a bill of revivor to be filed against the proper representative of the deceased, as may appear best calculated to advance the purposes of justice.

The second section was designed to supply a more expeditious mode of reaping the fruits of decrees already passed, and which, by the death of parties, subsequently, would therefore have abated. It declares, that a final decree shall not necessarily abate by the suggestion of the death of any one of the parties thereto; but, the court, in such case, may order execution to be made of such decree, as if no such death had occurred, or require a *subpœna scieri facias* to be issued, or bill of revivor to be filed against the proper representative, or pass such other order or direct such other proceedings as may seem best calculated to advance the ends of justice.

This law, however, only provides a more summary and economical remedy when cases abate, either before or after decree, by the *death* of parties. The first section provides for the case of death of defendants only, but the succeeding section extends to the death of any one of the parties to the decree, and, of course, was intended to afford a more expeditious method of realising the fruits of a decree, notwithstanding the death of either plaintiff or defendant, than the law and practice of the court had before given.

But, the act does not embrace the case of a decree become *dormant* by lapse of time, and when the law presumes from the

delay, that it is released or satisfied. It is not very difficult to conceive a reason why the legislature may not have intended to embrace decrees presumed, from efflux of time, to be executed or satisfied, and to extend to them the summary remedy provided by the act for the case of abatements caused by death. In the latter case, the event—the death of the party—is one which no diligence or precaution on the part of the suitor can guard against; whilst, in the former, it is his own fault if he suffer his decree to become dormant by lapse of time. It is true, this delay is not unfrequently the result of forbearance on the part of the creditor; but still, until the parties are brought before the court and heard, the legal presumption, when the specified period from the date of the decree has run out, is, that it has been executed or satisfied. *Mullikin* vs. *Duvall*, 7 *G. & J.*, 358, 359.

Thinking, then, after a careful consideration of the act of assembly, that it does not embrace this case, which is the case of a decree become dormant by lapse of time, as well as abated by the death of the defendant, and that a bill of revivor would be the most appropriate remedy, I shall dismiss the petition of the complainant, though without costs, the case being one of the first impression.

[No appeal was taken from this order.]