### GALT *v.* TODD.

---

Scire Facias; Judgments; Statute of Limitations

1. To keep a judgment alive without reviving by *sci. fa.* it is necessary to issue a *fi. fa.* within a year and a day, and then either to renew it from time to time, without intermission, until final execution, or upon its return regularly enter continuances.
2. The statute of limitations on a judgment begins to run from the date of the judgment, or from the expiration of any stay or supersedeas thereof, or from the time when execution could have legally issued thereon.

No. 408. Submitted January 22, 1895. Decided February 5, 1895.

Hearing on an appeal by the defendants from a judgment on a *sci. fa.* to revive a judgment. *Affirmed.*

The Court in its opinion stated the case as follows:

This is a case of a *scire facias* to revive a judgment. The original judgment, according to the recitals in the writ of *scire facias*, was recovered against three defendants, William B. Todd, Edward M. Nourse, and Frank E. Middleton, on the 3d day of July, 1878. The *scire facias* in this case was issued against the three defendants on the 20th day of April, 1894—nearly sixteen years after the date of the judgment. The *scire facias* makes no recitals of any change of parties, but in the titling at the head of the writ Harriet T. Galt,

the executrix of William M. Galt, the plaintiff in the original judgment, is named as plaintiff. The marshal's return to the writ was *scire feci* as to Todd and Middleton, and *nihil* as to Nourse. The writ was renewed as to the latter, and again returned *nihil.* The defendant Todd, by his fifth plea to the *scire facias,* alleged that before the issuing of the *scire facias,* Nourse, one of the original defendants in the judgment, had died. Whether that be so or not is not a question presented on this appeal.

The defendant Todd is the only party that appears to and defends by pleading to the *scire facias.* He pleads the Statute of Limitations in several forms. 1st. That the cause of action set forth in the *scire facias* did not accrue within twelve years previous to the issuing of the writ of *scire facias.* 2d. That the judgment upon which the *scire facias* is founded is above twelve years' standing. 3d. That no legal or proper proceeding to revive said judgment had been taken, within twelve years next before the issuing of the *scire facias* in this cause. This plea simply alleges a negative of what should be shown as an affirmative by the other side. 4th. That the judgment mentioned in the *scire facias* is not good and pleadable under the laws in force in this District. This is but stating what the defendant claims to be the legal result of the preceding pleas. It presents simply a question of law, and not of fact.

To these pleas of the defendant Todd, the plaintiff replied severally. To first plea she joined issue. 2d. By the amended replication, it is alleged that a writ of *fieri facias* was duly issued upon the original judgment within a year and a day, to wit, on the 19th day of March, 1879, and returned levied on April 16, 1879 (the record shows this writ to have been countermanded); and within twelve years after the issue of said *fieri facias,* to wit, on the 21st day of February, 1882, another writ of *fieri facias* was issued upon said judgment, and returned *nulla bona,* on the 24th day of April, 1882, whereby, as alleged, the said judgment was continued

in force for a period of twelve years next succeeding said 24th day of April, 1882. 3d. By the third amended replication it is alleged that a legal and proper step was taken to enforce said judgment within twelve years before the issuing of the *scire facias*, to wit, the issue of a writ of *fieri facias* within a year and a day after said judgment was entered, said judgment having been entered on the 3d day of July, 1878, and said *fieri facias* being issued on the 19th day of March, 1879, and returned levied on the 16th day of April, 1879, and that within twelve years thereafter a second writ of *fieri facias* was issued on the 21st day of February, 1882, and returned *nulla bona* on the 24th day of April, 1882, and that within twelve years thereafter the writ of *scire facias* in this cause was issued, to wit, on the 20th day of April, 1894 ; without this, that no legal and proper proceedings to revive said judgment have been taken upon said judgment within twelve years next before the issuing of the *scire facias* in this cause in manner and form as alleged.

To these two amended replications the defendant Todd demurred; and the demurrers being sustained by the court, there was judgment thereon for the defendant, with cost. The plaintiff has appealed.

*Mr. Henry E. Davis* and *Messrs. Church & Stephens*, for the appellant :

By the issue and return of a *fi. fa.* within a year and a day from the date of the judgment, the issue and return of another *fi. fa.* within twelve years thereafter, and the issue of a *sci. fa.* within twelve years from the return of the last execution, the judgment was kept alive. The contrary interpretation of the statute announced by the Court of Appeals of Maryland, in *Mullikin* v. *Duvall*, 7 G. & J. 355, has been modified in the subsequent case of *Bank* v. *Thomas*, 33 Md. 511.

The courts in this jurisdiction have construed the statute in accordance with the contention of the plaintiff. See

*Riggs* v. *Barror,* 2 Cr. 678; *Ott's Admr.* v. *Thomas,* 3 Cr. 323; *Diggs* v. *Eliason,* 4 Cr. 619; *Thompson* v. *Beveridge,* 3 Mackey, 170; *Horsey* v. *Beveridge,* 4 Mackey, 291; *Willett* v. *Otterback,* 20 D. C. 324.

In this jurisdiction there is no practice of entering up continuances or renewing executions from year to year, nor has there been within the memory of any member of the bar now living.

The rule announced by the decisions of the courts of this District above cited should be sustained by this court on the ground of *stare decisis.* Titles to real estate have been acquired under judgments kept alive in the manner there held valid and should be disturbed only with great reluctance.

*Mr. D. W. Baker* for the appellee cited *Mitchell* v. *Chestnut,* 31 Md. 521; *Kirkland* v. *Krebs,* 34 Md. 93; *Mullikin* v. *Duvall,* 7 G. & J. 355; *Johnson* v. *Blackistone,* 61 Md. 122; *Mann* v. *Cooper,* 2 App. D. C. 226; *Otterback* v. *Patch, ante,* 69.

Mr. Chief Justice ALVEY delivered the opinion of the Court:

The question is, from what time did the Statute of Limitations begin to run as against the judgment rendered on the 3d day of July, 1878? The act of limitations is the old Maryland statute of 1715, Ch. 23, Sec. 6, in force in this District. By the sixth section of that act it is provided that " No bill, bond, judgment, recognizance, statute merchant, or of the staple, or other specialty whatsoever, except, etc., . . . shall be good and pleadable, or admitted in evidence against any person or persons of this province, after the principal debtor and creditor have been both dead twelve years, or the debt or thing in action *above twelve years' standing.*"

This language of the statute would seem to be too plain to be misunderstood. No judgment shall be good and pleadable, or admitted in evidence, after the debt or thing in action is above twelve years' standing. The debt or

thing in action, in the case of a *scire facias* upon judgment, is the judgment, as the evidence of debt, sought to be revived, and the question is, does the statute begin to run from the date of the judgment, or from some subsequent date or event, and if the latter, from what date or event is the running of the statute to be computed ?

The Maryland Act of 1778, Ch. 21, Sec. 7, in force here, provides that execution may be issued on any judgment with stay of execution at any time within one year next after the expiration of such stay, provided that the stay of execution be entered on the docket of the clerk at the same court when the judgment shall be rendered, and also after the dissolution of any injunction of the court of chancery, or the discharge or expiration of any supersedeas on appeal or writ of error, at any time within one year after dissolution of such injunction, or discharge or expiration of such supersedeas. In this case, however, it is not alleged that there was any stay of execution, entered on the record, or by injunction, nor is it alleged that there was any supersedeas by way of appeal or writ of error. The judgment, therefore, stood as at the common law, with the right in the plaintiff to sue out execution thereon at any time within a year and a day from the date of the judgment; and upon failure so to sue out execution, the plaintiff was driven to his action of debt upon the judgment, or to a *scire facias* to revive the judgment and obtain *fiat* for execution under the Statute of Westm. 2 (13 Edw. 1), Stat. 1, Ch. 45. The necessity for this proceeding, however, may be obviated in either one of two ways, according to common law practice. First, by suing out execution within the year and a day from the signing of the judgment, and renewing such execution from time to time, without intermission, until final execution had; or, second, by suing out execution within the year from the signing the judgment, and having the same duly returned, upon which a second writ of *fieri facias* may issue at any time, provided the first writ be regularly returned and filed; and

continuances be regularly entered from the time of issuing said first writ. 2 Tidd's Prac. 1104. Lord Coke, in speaking of this method of keeping the judgment executionable, says: "And it is to be observed, that these writs of execution ought to be sued out within the yeare and the day after judgment; but if the plaintiffe sueth out any of them within the yeare, he may continue the same after the yeare, until he hath execution." Co. Litt. 290b. The same rule of practice is laid down by the same author in his 2d Inst. 471. And in 6 Bac. Abr. 107, Tit. *Scire Facias*, it is laid down as a settled principle, that "If a *fi. fa.* be taken out within the year, and *nulla bona* be returned, and continued down several years, a *ca. sa.* may issue without a *scire facias*; but it is otherwise, if no execution be returned by the sheriff to warrant the entry of continuances upon the roll." There must be an execution within the year and a day, and that execution must be returned and filed, to warrant the entry of continuances, and the continuances must be actually entered, or otherwise the plaintiff is not relieved of the necessity of reviving the judgment by *scire facias*. *Blayer* v. *Baldwin*, 2 Wils. 82.

The object and operation of the renewals and continuances of the executions issued within the year and a day, is to rebut the presumption of payment, satisfaction, or release, and to show of record a continuing demand of the debt by the plaintiff. But if the continuity of this demand be broken a *scire facias* becomes necessary to revive the judgment; and upon plea of the Statute of Limitation, the time of the running of that bar must be computed from the date of the judgment, or from the time of the expiration of the stay or supersedeas thereof, if there be such, or from the time when process of execution could have legally issued on the judgment. *Mullikin* v. *Duvall*, 7 G. & J. 355. This the plain terms of the statute require; and any other construction would defeat both the policy of the statute and the obvious meaning of its terms.

In this case, there is nothing alleged in the replications demurred to, to relieve the judgment from the running of the statute from the date of the judgment. The *fi. fa.* issued on the 19th of March, 1879, was wholly ineffective, and there were no continuances entered upon its return. Indeed, the record shows that it was countermanded, and therefore could have no effect whatever. The second *fieri facias* was issued on the 21st of February, 1882, three years and a half after the judgment, and nearly three years after the issuance of the first writ of *fieri facias*, and therefore irregularly issued. Upon the return of this last writ *nulla bona,* it is not alleged or shown that any continuances were entered; and the writ itself having issued out of time, did not furnish a ground for entering continuances to keep the judgment alive and executionable. Such execution did not arrest the running of the Statute of Limitation, nor did it mark a period from which the bar of the statute could be computed. The judgment is clearly barred by the statute, and the court below committed no error in sustaining the demurrers to the second and third amended replications, and in giving judgment thereon for the defendant; and we must therefore affirm the judgment.

*Judgment affirmed.*