## LYON *v.* FORD.

PLEADING AND PRACTICE; SCIRE FACIAS; BILL OF EXCEPTIONS.

The decision of a trial court made upon a trial by the court without a jury of an issue of *nul tiel record* in proceedings upon *scire facias* to revive a judgment, cannot be reviewed by this court, unless a bill of exceptions has been duly taken, setting forth the record that was offered in evidence and the ruling of the court thereon; *following* Otterback *v.* Patch, 5 App. D. C. 69.

No. 493.  Submitted October 18, 1895.  Decided December 2, 1895.

HEARING on an appeal by the plaintiff from a judgment for the defendants in the trial by the court of an issue raised by a plea of *nul tiel record* to a *sci. fa.* on a judgment. *Affirmed.*

The COURT in its opinion stated the case as follows :

On October 17, 1876, the appellant, Isaac S. Lyon, recovered a judgment in the Supreme Court of the District of Columbia against the appellees, Samuel Ford and Charles H. Holden, for the sum of $810, with interest on different parts thereof at different rates. On October 16, 1877, a writ of *fieri facias* was issued on the judgment. On October 16, 1888, the appellant filed an order in the office of the clerk of that court for the issue of a writ of *scire facias* to revive the judgment. For some reason not apparent on the record before us, this writ was issued and addressed only to one of the defendants, Samuel Ford; and on him only was service had. He appeared and pleaded *nul tiel record*, in due form.

Subsequently, upon motion of the appellant, there was an order of court made that the writ should be taken as amended so as to include both of the defendants in the summoning part, instead of the defendant Ford alone. This order was made on February 27, 1892 ; and on the same day

a new writ of *scire facias* was issued addressed to the defend-
ants, without naming either, except in the caption. This
was returned *nihil* as to Holden, and an *alias* writ there-
upon issued was similarly returned.

Appeal was taken by Ford to the General Term of the
Supreme Court of the District of Columbia from the order
of the special term allowing the amendment of the writ as
stated ; and on May 16, 1892, the action of the special term
was reversed and the order vacated.

There was, then, a replication filed by the appellant to
the defendant Ford's plea of *nul tiel record ;* 1st, traversing
the issue, and, 2d, alleging the bankruptcy of Holden and
his. departure from the jurisdiction. A demurrer to this
replication for duplicity, immateriality, and departure from
the declaration, was overruled ; but a motion to strike out
the second replication was allowed.

At last, the contest upon technicalities was terminated by
a stipulation between counsel to submit the trial of the issue
in the cause to the court upon the record, as soon as coun-
sel could be heard ; and the court, on May 4, 1895, after
argument by counsel, found the issue in favor of the de-
fendant ; and judgment was accordingly entered in his favor.
From that judgment the plaintiff has prosecuted the present
appeal.

*Mr. Henry E. Davis* and *Mr. Isaac S. Lyon* for the ap-
pellant.

*Mr. Samuel R. Bond* for the appellee.

Mr. Justice MORRIS delivered the opinion of the Court:

There is no bill of exceptions in this case ; the appellant
claims that none is needed ; but we do not see what there is
for us to review without a bill of exceptions.

In the case of *Otterback* v. *Patch,* decided on December
12, 1894, which was nearly five months before the trial of
the present cause in the court below a fact which should

have been sufficient notice to the appellant—we held that "in the trial of an issue made on a plea of *nul tiel record* to a *scire facias* on judgment, the court decides by an inspection of the record ; but the record inspected makes no part of the proceedings of the case on trial; and the decision of the lower court can be reviewed only by means of a bill of exceptions, setting forth the record offered, and the ruling thereon to which exception is taken. *Dorsey* v. *Whitcroft*, 1 H. & J. 463 ; *Ayres* v. *Kain*, 3 G. & J. 24 ; *Mullikin* v. *Duvall*, 7 G. & J. 355 ; *Le Strange* v. *State*, 58 M. 41." 5 App. D. C. 69.

The argument of counsel for the appellant now is, in substance, that the ruling in that case, which was identical with the ruling of the Court of Appeals of Maryland in the case of *McKnew v. Duvall*, 45 Md. 501, was based upon a misapprehension of the authorities ; and that, in the trial of an issue upon a plea of *nul tiel record*, a bill of exceptions is necessary only when the record offered in evidence is the record of another and different suit from that on trial. It is urged that in all the cases cited, except in that of *McKnew* v. *Duvall*, in 45 Md., the suits were either independent actions in debt upon judgment or actions upon injunction bonds, where necessarily the record offered in evidence was the record of a separate and distinct suit, of which the court would not take judicial cognizance without the actual production of such record ; but that proceedings in *scire facias* to revive a judgment are but a continuation of the same suit in which the judgment was rendered, and therefore no bill of exceptions is required to set forth the rulings of the court upon the inspection of the preceding record.

If the question were an open one and not concluded by repeated adjudications, we would not be disposed to depart from the determination reached in the case of *Otterback v. Patch.*

It is very true that the cases of *Dorsey v. Whitcroft*, 1 H. & J. 463 ; *Ayres* v. *Kain*, 3 G. & J. 24 ; and *Boteler* v. *State*, 8 G. & J. 359, were all actions of debt upon judgment,

and that the records offered in evidence under the issue raised by a plea of *nul tiel record* were records of other suits.    Also, in the case of *Le Strange* v. *State*, the suit was upon an injunction bond ; and the record offered in evidence, or which was required to be offered in evidence, was the record of the proceedings in the equity suit in which the injunction bond had been given.    In none of these cases was the record offered in evidence embodied in any bill of exceptions ; and the appellate court very properly held that there was nothing before it for review.

The case of *Mullikin* v. *Duvall*, 7 G. & J. 355, was a case of *scire facias* to revive judgment, where pleas were filed of *nul tiel record* and the statute of limitations.    The court in its opinion said that no question in relation to the issue raised by the plea of *nul tiel record* was to be considered or reviewed by the court, and devoted its consideration of the case exclusively to the point of law raised by a demurrer to a replication to the plea of the statute of limitations.    The court below had decided generally in favor of the defendant ; and we may justly assume that the statement of the appellate tribunal that there was nothing for it to review under the plea of *nul tiel record* was due to the fact that the case had been brought up by appeal and not upon writ of error, and that no bill of exceptions had been taken.

But in the case of *McKnew* v. *Duvall*, 45 Md. 501, the question was distinctly raised and definitely decided.    That was a proceeding in *scire facias* to revive a judgment, where a plea of *nul tiel record* was interposed, upon which issue was joined.    The trial court decided the issue in favor of the plaintiff ; and the defendants appealed, but took no bill of exceptions.    The Court of Appeals of Maryland there said :

" At the trial of the issue of *nul tiel record*, it is stated that the plaintiff offered in evidence the record of the original judgment, upon which the writ of *scire facias* was issued ; and there is set out in the transcript what purports

to be the record thus offered. But there was no bill of exception taken, certifying that such was the record offered by the plaintiff, and that its admissibility or sufficiency was excepted to by the defendants ; and consequently none of the questions supposed to arise on that record are before this court for review. The plea of *nul tiel record* merely put in issue the existence of the record as recited in the *scire facias ;* the replication to such plea simply reasserting the existence of the record, and concluding with a prayer that it might be viewed and inspected by the court. In the trial of this issue by the court, if the defendants intended to have the decision of the court below reviewed here, they should have tendered a bill of exception, setting forth the record offered, the ruling of the court with respect to it, and the exception thereto. Otherwise the record offered formed no part of the record of the case on trial, and no question can be raised in this court in respect to its admissibility or sufficiency. This is the well established rule of procedure in the courts of this State, as will abundantly appear from the cases of *Dorsey* v. *Whitcroft,* 1 H. & J. 463 ; *Ayres* v. *Kain,* 3 G. & J. 24, and *Boteler & Belt* v. *State, Use of Cheaw,* 8 Gill. & Johns. 359.''

Now, the principle involved in all these cases is precisely the same. While a writ of *scire facias* is to a certain extent merely a step towards the execution of a previously existing judgment, it is also in effect and to all intents and purposes a declaration, not substantially different from a declaration in an action of debt on judgment, to which any proper defence may be interposed by way of plea or demurrer. To a writ of *scire facias* to revive a judgment and to an action of debt on the same judgment, the defences would be precisely the same, with the same limitations ; and the causes would go on to trial in the same way. One of the most usual pleas in either case would be that of *nul tiel record;* and that plea would raise an issue of fact, although triable by the court and not by a jury. Being an issue of fact, and not an issue of law, there is no mode

known to our law whereby the action of the trial court in regard to it can be reviewed in an appellate court, except by means of a bill of exceptions.   While we might know what record ought to have been offered in support of the affirmative side of the issue, we cannot know what record was actually produced or inspected or whether any record at all was produced, or whether the plaintiff did not make default and fail to produce any record.   We cannot assume that everything was done in a trial before a trial court that should naturally have been.   We can only know properly what happened in such cases by the certificate of the trial judge appended to a bill of exceptions.

No better illustration of the necessity as well as propriety of a bill of exceptions in such cases need be sought than the case now before us.   Here there was a stipulation of the parties that the cause should be submitted to the court upon a certain day, "to be tried by the court upon the record."   Now, the issue was one which, under our law, was to be tried by the court alone, without the intervention of a jury ; and the stipulation added nothing to the power of the court in that regard and detracted nothing from it.   The stipulation merely fixed a time for the trial of the issue upon the plea of *nul tiel record*, which was the only issue then pending and provided that this should be tried by the court " upon the record."

We are now asked to assume that this meant the record of the cause prior to the issue of the writ of *scire facias ;* and we are also asked to assume that this record was actually submitted at the trial for inspection by the court. Let us suppose that we may assume all this, in the face of the absence of all proof of what happened at the hearing by the court; yet that record is not before us.   There is nothing in the transcript before us which even purports to have been the record offered in the court below, or inspected by that court.   In this transcript, prior to the order for the issue of the writ of *scire facias*, we have copies of what appear to be the original declaration in the case, an

affidavit in support of it, a verdict of a jury, the defend-
ants, it is said, not appearing, and a judgment for the plain-
tiff for the amount claimed in the declaration; but we do
not know that this was all that was submitted to the court
below; and we do not know that even these papers were
submitted to that court.    But even assuming that this was
the record that was produced upon the hearing before the
trial court and inspected by that court, the record is fatally
defective upon its face, inasmuch as it shows no service of
process upon the defendants, and therefore no jurisdiction
in the court to render judgment against them.    If this was
all the record that was offered, it simply showed the judg-
ment to have been an utter nullity.    In all probability
there was service of process and the judgment was a valid
judgment; but how are we to know that fact from the
transcript before us? In other words, we are entirely in
the dark as to what passed in the trial before the court be-
low, what there was before that court upon which to rule,
and what its rulings actually were.    A bill of exceptions in
due form would have enlightened us fully upon the sub-
ject.

The ruling in the case of *Otterback* v. *Patch*, introduces
no novelty into our practice.    It is evident that it was the
opinion of the Supreme Court of the United States in
the case of *Walden* v. *Craig*, 14 Pet. 147, that the proper
mode in which to bring before an appellate tribunal for re-
view the adjudication of a trial court upon the issue raised
upon proceedings in *scire facias* by a plea of *nul tiel record*,
was by bill of exceptions.    For the court in that case was
careful to say that " a bill of exceptions spread upon the
record the evidence that was before the [trial] court on the
issue of *nul tiel record;* " and this evidence consisted solely
of the record of the proceedings in the cause anterior to
the issue of the writ of *scire facias*.

It was recognized by the Supreme Court of the District
of Columbia in the cases of *Loeber* v. *Moore*, 20 D. C. 1,
and *Willett* v. *Otterback*, 20 D. C. 324, therein following

the decision of the Supreme Court of the United States in the case of *Dickson* v. *Wilkinson*, 3 How. 57, that, in proceedings in *scire facias* to revive a judgment, the proceedings in the original case must be regarded as collateral for all the purposes of defence, and therefore to be used in the cause in the same way that any other collateral proceeding could be used. And it may be added that, if this were not so, and if the evidence introduced in support of the issue on *nul tiel record* were not required to be spread upon the record by bill of exceptions, when a review of the ruling of the trial court is desired in an appellate tribunal, there would not be in any event either necessity or propriety for a plea of *nul tiel record* in proceedings in *scire facias* or for a replication to such plea. If the previous record is imported as a matter of course into such proceedings, a demurrer would serve all the purposes of such plea or replication; and the plea or replication would be improper.

Both upon reason, therefore, and upon authority, we must re-affirm the ruling made in the case of *Otterback* v. *Patch*, that we cannot review the decision of the court below made upon the trial by the court of the issue of *nul tiel record* in proceedings upon *scire facias* to revive judgment, unless a bill of exceptions has been duly taken, setting forth the record that was offered in evidence and the ruling of the court thereon.

This being our conclusion, it is clear to us that there is nothing in the case now before us which we can review, and that it is unnecessary to discuss the other questions raised by the appellant.

*We must affirm the judgment of the Supreme Court of the District of Columbia with costs. And it is so ordered.*