# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

The Nina Schwartz Irrevocable Trust,
Plaintiff Below, Petitioner

**FILED**

**November 18, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

vs)  No. 16-0135 (Tyler County 14-C-17)

Jacqueline Ingram, Miriam McMichael,
Rheba McMichael, and Lynda Spellman,
Defendants Below, Respondents

## MEMORANDUM DECISION

Petitioner The Nina Schwartz Irrevocable Trust ("Petitioner Trust"), by counsel Richard N. Beaver, appeals the Circuit Court of Tyler County's "Order Granting Summary Judgment in Favor of the Defendants and Refusing to Enforce Judgment as Against Defendants' Property," entered on January 14, 2016. Respondents Jacqueline Ingram, Miriam McMichael, Rheba McMichael, and Lynda Spellman (collectively, "respondents"), by counsel John A. Scott, filed a response. Petitioner filed a reply. Petitioner Trust sought to enforce a 1969 judgment against respondents' property. The circuit court concluded, in relevant part, that enforcement of the judgment was barred by the statute of limitations.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

### Factual and Procedural Background

The four respondents are the adult children and only heirs of Reuben and Beulah Schwartz. Respondent Lynda Spellman is also one of the trustees of Petitioner Trust, plaintiff below and petitioner herein. Ms. Spellman has been, and continues to be, aligned with Petitioner Trust in this matter.

Reuben Schwartz was the owner of an 86-acre tract of real property located in Tyler County, West Virginia. In February of 1969, Merchants Mortgage Company obtained a judgment against Reuben and Beulah Schwartz in the United States District Court for the District of Columbia in the amount of $615,000. Following a series of assignments, Petitioner Trust became the holder of the judgment on July 31, 2003, and continues to hold the judgment currently.

1

Reuben Schwartz died intestate in Washington, D.C., in 1990. Beulah Schwartz died intestate in Washington, D.C., in 2003. The parties agree that the four above-named children of the Schwartz's are the owners of the Tyler County property by virtue of the applicable laws of intestate succession, with each child owning a one-fourth equal share. No estate for either Reuben or Beulah Schwartz has been opened in either Washington, D.C., or in West Virginia, and there have been no documents recorded in Tyler County asserting any claim against the property. However, Petitioner Trust has been paying the real estate taxes on the property since Beulah Schwartz's death in 2003.

The first action taken to collect on the judgment occurred on March 5, 2014, when Petitioner Trust filed the judgment and a Notice of Filing of Foreign Judgment in the Circuit Court of Tyler County, pursuant to West Virginia Code § 55-14-2, the Uniform Enforcement of Foreign Judgments Act. The circuit court docketed the matter as Civil Action 14-C-17. Petitioner Trust was obviously unable to serve the Schwartz's given that they were deceased; the Petitioner Trust served notice on the four respondents as a courtesy. On April 24, 2014, Petitioner Trust filed a writ of execution identifying the Tyler County property as being subject to the execution.

On July 7, 2014, respondents filed a Verified Petition for Establishment of Descent, in which they sought a declaration that each child shared ownership of the Tyler County property, one-fourth each, free and clear of the judgment lien of Petitioner Trust. The circuit court docketed this matter as Civil Action 14-C-48H, and consolidated it with Civil Action 14-C-17. Thereafter, respondents filed the following motions: (1) a motion for relief from judgment and memorandum of law in support thereof, pursuant to Rule 60(b) of the West Virginia Rules of Civil Procedure, and a motion for a stay of the proceedings to enforce the judgment; (2) a motion for summary judgment and memorandum of law in support thereof; and (3) a motion to dismiss the domesticated judgment. Petitioner Trust filed the following motions: (1) a memorandum of law in opposition to respondents' summary judgment motion and cross motion for summary judgment; and (2) a motion in opposition to respondents' Rule 60(b) motion and their request for a stay.

Following a hearing on the parties' respective summary judgment motions, the circuit court entered an order on January 14, 2016, granting summary judgment in favor of respondents.[1] The circuit court ruled that Petitioner Trust's action to collect on the 1969 judgment, filed forty-five years after the judgment was obtained, was barred by the statute of limitations. Specifically, the circuit court referred to West Virginia Code § 55-2-13, which provides, in relevant part, that "[e]very action or suit upon a judgment or decree rendered in any other state or country shall be barred, if by the laws of such state or country such action or suit would there be barred, and the judgment or decree be incapable of being otherwise enforced there." *See also Oakley v. Wagner,* 189 W.Va. 337, 340, 431 S.E.2d 676, 679 (1993). The circuit court further concluded that "where a claim accrues beyond state boundaries, the shorter limitation, West Virginia's or the foreign limitation, shall govern such action." *Id.*

The circuit court then looked to *Galt v. Todd,* 5 App. D.C. 350, 355 (D.C. Cir. 1895), wherein the Court of Appeals of the District of Columbia held that "the time of the running of [the statute of limitations] must be computed from the date of the judgment, or from the time of

---

[1] The circuit court determined that all outstanding motions were resolved or moot given that the summary judgment ruling was dispositive of the case.

the expiration of the stay or supersedeas thereof, if there be such, or from the time when process of execution could have legally issued on the judgment." (citation omitted). The circuit court concluded that, under District of Columbia law, an execution must be pursued, returned, and filed within the year and a day of the entry of the judgment to allow for any continuances, or it is otherwise unenforceable. *Id.* Applying District of Columbia law to the present case, the circuit court concluded that the statute of limitations began to run on February 7, 1969, the date on which Merchants Mortgage Company obtained the judgment. The circuit court found that no holder of the judgment had sought a writ of execution prior to February 7, 1970, the date on which the statute of limitations expired.

Alternatively, the circuit court concluded that the outcome would be the same under West Virginia law. West Virginia Code § 38-3-18(a) provides as follows:

> On a judgment, execution may be issued within ten years after the date thereof. Where execution issues within ten years as aforesaid, other executions may be issued on such judgment within ten years from the return day of the last execution issued thereon, on which there is no return by an officer, or which has been returned unsatisfied.

Applying the ten-year statute of limitations to the present case, the circuit court concluded that the judgment was still unenforceable because there was no action taken to collect on the judgment until 2014, and there were no valid renewals of the execution time period that would permit the judgment to be enforced.[2] The circuit court granted summary judgment in favor of respondents; denied Petitioner Trust's motion for summary judgment; granted respondents' motion to dismiss the domesticated judgment; and ruled that the property is jointly and equally owned by respondents free and clear of the judgment. Petitioner Trust now appeals to this Court.

**Discussion**

"A circuit court's entry of summary judgment is reviewed *de novo.*" Syl. Pt. 1, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994). On appeal, Petitioner Trust raises two assignments of error, the first of which is that the circuit court erred in ruling *sua sponte* that the judgment was unenforceable due to the lapse of the applicable statute of limitations because respondents did not raise the issue below. This Court has held that

> [a]s a general rule, a trial court may not grant summary judgment *sua sponte* on grounds not requested by the moving party. An exception to this general rule exists when a trial court provides the adverse party reasonable notice and an opportunity to address the grounds for which the court is *sua sponte* considering granting summary judgment.

---

[2] The circuit court also rejected Petitioner Trust's claim that it obtained legal possession of the property through adverse possession as a result of paying the real estate taxes thereon. The circuit court concluded that payment of taxes alone is insufficient to satisfy any or all of the elements required to establish adverse possession. On appeal, Petitioner Trust does not challenge the circuit court's ruling in this regard.

3

Syl. Pt. 4, *Loudin v. Nat'l Liab. & Fire Ins. Co.*, 228 W.Va. 34, 716 S.E.2d 696 (2011).

Petitioner Trust argues that at no time during this proceeding did respondents assert that enforcement of the judgment violated the statute of limitations of either the District of Columbia or West Virginia. Specifically, Petitioner Trust states that it commenced this matter by filing a Notice of Foreign Judgment under the West Virginia Uniform Judgments Act, rather than by filing a civil action; that respondents moved to quash the execution, but did not raise a statute of limitations defense; that respondents thereafter filed their own civil action seeking a declaration that they owned the property free and clear of the judgment without raising the statute of limitations issue; and finally, that each party filed respective summary judgment motions, but respondents did not raise the issue in their motion. Petitioner claims that the issue was not addressed until the circuit court issued its summary judgment order.

Upon our review, we reject Petitioner Trust's argument that it had no notice of respondents' statute of limitations defense. On August 19, 2014, nearly a year and a half before the circuit court entered its summary judgment order, respondents filed its "Reply to Plaintiff's Response in Opposition to Motion to Quash Writ of Execution." Therein, respondents devoted an entire section of its reply to its argument that attachment of the judgment to the property was barred by statute of limitations. Accordingly, we conclude that Petitioner Trust had "reasonable notice and an opportunity to address" the statute of limitations issue. Therefore, consistent with the exception in *Loudin,* the circuit court did not err by granting summary judgment on the basis that enforcement of the judgment was barred by the statute of limitations, whether it was under District of Columbia or West Virginia law.

In its second and final assignment of error, Petitioner Trust argues that the circuit court erred in holding that the judgment was unenforceable due to the lapse of the applicable statute of limitations because the statute of limitations did not begin to run until issuance of the United States District Court for the District of Columbia's March 19, 2004, order, which Petitioner Trust contends "revived" the judgment. As noted above, the original judgment was obtained and entered in 1969. Petitioner Trust states that the judgment was revived by the United States District Court for the District of Columbia by order on January 30, 1981, again by order on April 16, 1992, and for a third time, by order on March 19, 2004. Petitioner directs us to District Columbia Code § 15-103, which provides as follows:

> An order of revival issued upon a judgment or decree during the period of twelve years from the rendition or from the date of an order reviving the judgment or decree, extends the effect and operation of the judgment or decree with the lien thereby created and all the remedies for its enforcement for the period of twelve years from the date of the order.

Petitioner Trust contends that the District Court's March 19, 2004, order served to revive the judgment, thereby bringing Petitioner Trust's present action, filed on March 5, 2014, into compliance with both the District of Columbia's twelve-year limitation and West Virginia's ten-year limitation.

Upon our review, we disagree with Petitioner Trust's argument. Under District of Columbia law, "[t]here must be an execution within the year and a day, and that execution must

4

be returned and filed, to warrant the entry of continuances, and the continuances must be actually entered, or otherwise the plaintiff is not relieved of the necessity of reviving the judgment by *scire facias.*" *Galt,* 5 App. D.C. at 355 (citation omitted). Therefore, under the facts of the present case, Petitioner Trust would have had one only year and a day following the entry of the judgment, until February 7, 1970, to execute on the judgment, or else the judgment is unenforceable. As respondents argue, no evidence was offered that Petitioner Trust sought to execute on the judgment in any jurisdiction until March 5, 2014, when the present case was filed.

However, even if the statute of limitations did not lapse in 1970, we disagree with Petitioner Trust that the District Court's March 19, 2004, order rendered the current action timely. As respondents argue, the language used in the order itself is instructive. The order states that the District Court "renewed" the judgment based upon a "Motion of Renewal of Judgment." Under *Galt*, there is a distinction between revival and renewal of a judgment.

> The object and operation of the renewals and continuances of the executions issued within the year and a day, is to rebut the presumption of payment, satisfaction, or release, and to show a record of a continuing demand of the debt by the plaintiff. But if the continuity of this demand be broken a *scire facias* [now, a motion] becomes necessary to revive the judgment[.]

*Id.* at 355. Our reading of *Galt* leads us to conclude that renewals are obtained as a result of a continuing demand that the judgment be satisfied, while a revival is obtained only through a motion for revival. There has been no evidence introduced to show a continuing demand that the judgment be satisfied. The latest valid revival of the judgment was by order entered on April 16, 1992; therefore, the period for enforcement of the judgment has lapsed whether one applies District of Columbia or West Virginia law.

For the foregoing reasons, we affirm the Circuit Court of Tyler County's "Order Granting Summary Judgment in Favor of the Defendants and Refusing to Enforce Judgment as Against Defendants' Property," entered on January 14, 2016.

Affirmed.

**ISSUED:** November 18, 2016

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**

Justice Robin Jean Davis

5