ALBANY,
Jan. 1812.

VANDERHEY-
DEN
v.
GARDENIER.

———◄❊►———

## VANDERHEYDEN *against* GARDENIER.

A MOTION was made, by the defendant, to set aside a judgment on a *scire facias*, and all subsequent proceedings, for irregularity.

The original judgment was docketed the 31st of *December*, 1805, and the defendant's attorney could find no evidence of the proceedings on *scire facias* to revive the judgment, except the docket of the judgment on *scire facias* on the 31st of *August*, 1811. The plaintiff, however, proved that a writ of *scire facias*, with the return of *scire feci* endorsed by the sheriff, returnable in *November* sessions, 1808, was on file in the clerk's office, and that on the 19th of *December*, 1808, the common rules were entered on this return, and a default for not appearing and pleading was entered on the 13th of *January*, 1809; but final judgment on the *scire facias* was not entered until the 13th of *May*, 1811.

*Per Curiam.* If the plaintiff who sues out a *scire facias* to revive a judgment, does not proceed upon it within a year and a day, it is a *discontinuance* of it, and the plaintiff must commence by *scire facias de novo.* So, if he does not sue out execution on a judgment on *scire facias* within a year, he must revive it again. (*Impey's K. B.* 314. *Tidd's K. B.* 1009.) This case comes within the rule; for between the entry of the default, and the entry of the judgment, there was an interval of two years and five months. This amounted to a discontinuance of the proceedings, and the subsequent entry of the judgment was irregular.

Motion granted.

If a plaintiff who sues out a *scire facias,* to revive a judgment, does not proceed upon it, within a year and a day, it is a discontinuance; and where after *scire facias* returned a default was entered for want of not appearing and pleading, and the plaintiff suffered more than a year and a day to elapse, before he entered judgment, it was held to be a *discontinuance,* and the judgment irregular.