# COLLINS *v.* McBLAIR.

SCIRE FACIAS; STATUTE OF LIMITATIONS; DISCONTINUANCE; JUDGMENTS.

1. Scire facias to renew a former judgment is a judicial writ, expiring within a year and a day from its issuance,—although it may be converted into an action by appearance and plea by the defendant; and where the defendant does not appear, and the plaintiff fails to obtain a fiat thereon within that period, the proceeding is discontinued; and a subsequent fiat, without a new writ, befort the expiration of twelve years from the last renewal of the judgment, will not bind the defendant. (Distinguishing *Parsons* v. *Hill*, 15 App. D. C. 532.)

2. Common-law rule 61 of the lower court relates to the notice to plead and summons in regular actions at law, and cannot be construed to apply to the ordinary scire facias to obtain execution of a former judgment.

3. A proceeding once discontinued formally or by express operation of law cannot be revived and made effectual in a court having jurisdiction of the subject-matter, without notice to the party affected thereby; and

a judgment or order entered without such notice is of no force or effect, and its invalidity can be shown in a collateral proceeding. (Following *Karrick* v. *Wetmore*, 25 App. D. C. 415, 205 U. S. 141, 51 L. ed. 745, 27 Sup. Ct. Rep. 434.)

No. 1709.    Submitted March 8, 1907.    Decided April 2, 1907.

HEARING on an appeal by the plaintiff from a judgment of the Supreme Court of the District of Columbia dismissing a judgment creditors' bill.                    *Affirmed.*

The COURT in the opinion stated the facts as follows:

This is an appeal from a decree dismissing a creditors' bill filed by the appellant, Agnes B. Collins, executrix of Joseph B. Collins, [against Charles Ridgeley McBlair, Florence M. McBlair, Watson J. Newton, trustee, and E. Southard Parker, trustee] to subject to sale the interest of Charles Ridgeley Mc-Blair in certain lands, in satisfaction of two judgments.

Newton and Parker are trustees in a deed in trust made April 5, 1902, by said McBlair, to secure the sum of $1,500 to one Daniel Paul. No reason appears for making Florence Mc-Blair, wife of defendant, a party. Defendant Charles R. Mc-Blair answered averring that the judgments had become extinct before the filing of the bill. The trustees answered, setting out the trust, and alleging that it was a prior lien to any claimed by the complainant. Florence B. McBlair entered a demurrer to the bill, which was sustained before the dismissal of the bill as to her codefendants.

From an agreed statement it appears that Charles R. Mc-Blair is seised of an interest in the land as alleged in the deed. It is also agreed that two judgments were recovered by Joseph B. Collins against defendant McBlair in the supreme court of the District of Columbia, on April 7, 1875, for $200 and $315 respectively. Executions issued there on September 27 were returned October 5, 1875, *nulla bona.* Scire facias issued April 4, 1887, was returned April 4, 1887, and fiat was entered thereon June 29, 1887. June 29, 1887, fieri facias issued and was

returned *nulla bona* August 27, 1887. March 20, 1893, death of Joseph B. Collins was suggested, and Agnes B. Collins was made party plaintiff as his executor. May 13, 1899, scire facias issued and was returned May 13, 1899, scire feci. No appearance was made by defendant to the writ, but no action was taken thereon until October 23, 1903, when plaintiff appeared and obtained a fiat for the amount of each judgment, with interest at 10 per cent per annum from July 23, 1875. Fieri facias issued December 11, 1903, was returned the same day *nulla bona.* The bill was filed December 15, 1903.

*Mr. Charles W. Fitts* and *Mrs. E. S. Mussey* for the appellant:

1. The issuing of the writs of scire facias on May 13, 1899, and their return on May 15, 1899, scire feci stopped the running of the statute of limitations (*Diggs* v. *Eliason,* 4 Church, C. C. 662; *Willett* v. *Otterback,* 20 D. C. 324), and the statute must remain suspended during the progress of these proceedings, as in the case of an original action. For the reason that a scire facias to revive a dormant judgment is to all intents and purposes an "action at law" (*Smyth* v. *Ripley,* 33 Conn. 331), to which the defendant "may plead in the same manner as to an action founded upon an original writ" (*Weaver* v. *Boggs,* 38 Md. 264), and judgment upon a scire facias is a new judgment and has all the attributes of the original (*Weaver* v. *Boggs, supra; Millikin* v. *Duvall,* 7 Gill & J. 361). Hence the issuance of a writ of scire facias, and the return of the same into court as served, operates to suspend the running of the statute the same as in an original writ so returned. The fact that a fiat was not taken until October 23, 1903, can only raise a presumption of lack of "due diligence" on the part of this appellant in not taking it, upon the default of the defendant to appear and answer. And the "question of diligence is a question of fact to be shown to the court by proper proof." *Parsons* v. *Hills,* 15 App. D. C. 551; *Brown* v. *Co. of Buena Vista,* 95 U. S. 157; *Moffet* v. *Peoria Water Co.* 73 Sup. Ct. Rep. N. Y. 83 Hun.

2. It is a general rule that judgments of the courts which have jurisdiction of the subject-matter and of the persons of the parties to the litigation stand of binding force and effect until reversed, vacated, or set aside in a direct proceeding for that purpose, and cannot be collaterally attacked. 12 Ency. Pl. & Pr. p. 196; *Hungerford* v. *Sigerson,* 20 How. 161; *Crim* v. *Handley,* 94 U. S. 653; *Thompson* v. *Tolmie,* 2 Pet. 163; *McNitt* v. *Turner,* 16 Wall. 366; *Cragin* v. *Lovell,* 109 U. S. 198; *Hawley* v. *Mancius,* 7 Johns. Ch. 182; *Grignon* v. *Astor,* 2 How. 338; *Haw* v. *Ritchie,* 136 U. S. 548; *Broderick's Will,* 21 Wall. 503; *Boherer* v. *Foy,* 3 McArth. 145; *Joes* v. *Finch,* 28 Conn. ——; *Haws* v. *Hathaway,* 14 Mass. 233; *Caonette* v. *Young* (N. H. 1892) 32 Atl. 157; *Gassenheimer* v. *Beeson,* 18 Tex. 754; *Grant* v. *McKinney,* 36 Tex. 62.

3. The court did not err in granting said fiats. The defendant had been in default by not appearing or answering as commanded by the writs of scire facias served on him May 13, 1899, and plaintiff, by virtue of the rule of the supreme court of the District of Columbia, which has the force of statutory enactment, could take judgment by default "at any time after the day fixed for his appearance." No. 61 Common Law Rules— Rules Supreme Ct. of D. C.

*Mr. J. J. Darlington* and *Mr. Irving Williamson* for the appellee.

*Mr.* Chief Justice Shepard delivered the opinion of the Court:

The statute of limitations of James I. did not apply to judgments, and no provision was made for their extinction in Maryland until the act of assembly of the year 1715, chap. 23, sec. 6. That act, under which the proceedings to keep alive the judgments in controversy were had, provided, among other things, that no judgment shall be good and pleadable, or admitted in evidence against any person "after the debt or thing in action above twelve years' standing." That these judgments were

revived by the fiat rendered on the scire facias June 11, 1887, and were alive on May 13, 1899, when the last scire facias was sued out, is conceded. Had the fiat then been ·granted, they would undoubtedly have been revived for twelve years more. As before stated, no action was taken thereon, however, until October 23, 1903, more than fourteen years having elapsed since the last fiat.

In dismissing the bill the court proceeded upon the theory that by the plaintiff's failure to ask for and obtain an order of fiat on the last scire facias before its expiration,—no appearance or plea having been entered thereto,—the proceeding was discontinued; and the judgments, having become of more than twelve years' standing, were extinguished by the express terms of the Maryland act. ˙

The appellant's contention is that the scire facias is of the nature of an original action to recover upon the judgment, and had the effect, therefore, to keep it alive until the order of fiat thereon, more than two years later. The doctrine seems to have prevailed in Maryland, from an early day, that scire facias to renew a former judgment is a judicial writ, which· may, however, be converted into an action by appearance and plea thereto by the defendant. *Weaver* v. *Boggs,* 38 Md. 255, 264, and cases cited. It is not the equivalent of an action upon the judgment. As a judicial writ its function is to continue the effect and have execution of a former judgment. Foster, Scire Facias, pp. 11, 13. If the defendant appears and enters a plea setting up such matter as may be commonly pleaded in bar of a former judgment, the proceeding under the writ then becomes converted into an action. If not so converted into an action by the appearance and plea of the defendant, it remains a judicial writ, merely, the life of which is ended and its force spent after a year and a day from the date of issuance. *Vander-heyden* v. *Gardenier,* 9 Johns. 79. In that case scire facias was issued returnable to November sessions, 1808. Default was entered January 13, 1809, and final judgment thereon May 13, 1811. The court said: "If the plaintiff who sues out a scire facias to revive a judgment does not proceed upon it within a

year and a day, it is a discontinuance of it, and the plaintiff must commence by scire facias de novo. So, if he does not sue out execution on a judgment [or a judgment] on scire facias within a year, he must revive it again.    *    *    *    This cause comes within the rule, for between the entry of the default and the entry of the judgment there was an interval of two years and five months. This amounted to a discontinuance of the proceedings."

In the case at bar no step whatever was taken by the plaintiff in judgment until more than two years after the return of the writ duly served upon the defendant, who made no appearance.

After most careful consideration, the general term of the supreme court of the District in 1892 approved the doctrine of *Vanderheyden* v. *Gardenier, supra. Crumbaugh* v. *Otterback,* 9 Mackey, 434, 450, 451. Mr. Justice Cox delivered an able opinion in that case, from which we make the following extract:

"Even in the case of original writs there is no such practice as entering up continuances from term to term, where the defendant, being duly summoned, has defaulted and the plaintiff is entitled to take judgment. In such case the process is executed and satisfied, and there is no occasion for renewals or continuances; so as to a scire facias which has been served and is not defended.

"The sci. fa. has ceased to perform the functions or answer the purposes of an action, and remained an execution, pure and simple, and, it would seem, ought to have the same effect as the issue of a fi. fa. not followed up by any further proceeding. We have not been referred to a single case, English or American, which countenances the idea that under such circumstances the sci. fa. is to be considered a running or continuing action, to have the same effect as if writs had been constantly renewed up to the issue of the present sci. fa."

After reviewing the decision in *Vanderheyden* v. *Gardenier, supra,* he makes the following remark, that is particularly applicable in this case: "But to hold that a mere return of service to a sci. fa., with a suspension of further proceedings, consti-

tutes a pending action of indefinite duration, would make the act of limitations a mere nullity."

The authority of that case was neither denied nor impaired by the decision of this court in *Parsons* v. *Hill,* 15 App. D. C. 532, 547. That case involved the question of the discontinuance of an action of assumpsit through failure to enter formal continuances, and to issue alias summons in regular succession from time to time. The ordinary summons was issued immediately after filing the declaration, but returned not served because the defendant was not within the jurisdiction. No continuances were formally entered, and alias summons executed upon the defendant, who in the meantime had returned to the jurisdiction, was not issued for nearly two years after return of the original summons. It was held that the action had not become discontinued by reason of this delay and failure to issue alias process at regular intervals until service could be had. The defendant had sustained no prejudice through the delay. There is an essential distinction between the discontinuance of an ordinary action at law through failure to issue alias summons therein in regular order, and the discontinuance of a proceeding by scire facias, which is a mere judicial writ, and not an action on the judgment.

What has been said of the difference between the two proceedings disposes of the appellants' contention founded on common-law rule 61 of the supreme court of the District of Columbia, which reads as follows:

"If the defendant, served with copies of the declaration, notice to plead, and summons, fail to appear and plead, according to said notice, a judgment by default for nonappearance may be entered against him by the circuit court *at any time after the day fixed for his appearance,* not less than ten days, exclusive of Sundays, before the expiration of the term of said court in which it is entered, which judgment may be set aside during said term upon the defendant's offering a plea verified by affidavit, setting up a defense considered by the court sufficient, if proved, to bar the action in whole or in part."

The rule by its express terms relates to the notice to plead and

summons in regular actions at law, and cannot be construed to apply to the ordinary scire facias to obtain execution of a former judgment.

It is further contended on behalf of the appellant that, even if there was manifest error in the order of fiat, nevertheless the court had jurisdiction in the premises, and its action cannot, therefore, be collaterally attacked. In our view of the main question, as heretofore expressed, it is unimportant to consider whether, as contended on behalf of the appellees, the bill to obtain equitable execution of the judgments is a direct proceeding thereon, which opens up their regularity to direct attack in answer. Having held that the scire facias was a judicial writ, expiring within a year and a day from its issuance, and that the failure to enter fiat thereon within that time operated a discontinuance of the proceeding, it follows that the subsequent order of fiat, without a new writ before the expiration of twelve years from the last renewal of the life of the judgment, cannot bind the defendants. As in the case of nonsuit in a formal action, the defendant was out of court, and jurisdiction over him could not be maintained save through service of additional service or notice. It is elementary that a proceeding once discontinued formally or by express operation of law cannot be revived and made effectual in a court having jurisdiction of the subject-matter, without notice to the party affected thereby. The judgment or order entered without such notice is of no force or effect, and its invalidity can therefore be shown in a. collateral proceeding. *Karrick* v. *Wetmore,* 25 App. D. C. 415; *S. C.* [205 U. S. 141, 51 L. ed. 745, 27 Sup. Ct. Rep. 434].

In our opinion, the decree dismissing the bill was right, and it will therefore be affirmed, with costs. *Affirmed.*