GERMAN LITERARY SOCIETY, Appellant, v. JOHN BLOCH, Respondent.

St. Louis Court of Appeals, November 2, 1909.

1. **STATUTE: Construction.** Probable mischiefs cannot overcome the effect of any statute, if, fairly considered, it will bear but one meaning.

2. **JUSTICES' COURTS: Judgments: Revival: Limitation.** Section 4028, Revised Statutes 1899, fixes the limit of time in which a revival of a justice's judgment may be ordered and not in which it may be applied for, so that a judgment rendered by a justice on February 25, 1897 could not be revived by a judgment rendered on March 28, 1907, although the petition to revive was filed on February 21, 1897, and within the ten-year period.

Appeal from St. Louis City Circuit Court.—*Hon. Chas. Claflin Allen*, Judge.

AFFIRMED.

*Frank A. Hobein* and *Vital W. Garesche* for appellant.

(1) A writ of *scire facias* to revive a justice's judgment may be applied for at any time within ten years from the date of the rendition of the judgment of

a justice of the peace. Stewart v. Justices, 47 Fed. Rep. 485; Sublette v. Railway, 96 Mo. App. 122; Walsh v. Bosse, 16 Mo. App. 231; George v. Middough, 62 Mo. 551; Long v. Thormond, 83 Mo. App. 231; R. S. 1899, sec. 4028, (2) A *scire facias* to revive a judgment is a judicial writ. It is not a new suit, but a continuation of the original action and merely ancillary thereto. Bick v. Tanzey, 181 Mo. 523; Sutton v. Cole, 155 Mo. 211; Kratz v. Preston, 52 Mo. App. 256. (3) The issuance of a writ of *scire facias* by a justice of the peace and the placing of it in the hands of the constable for service is the commencement of the action. Hornsby v. Stephens, 65 Mo. App. 187. (4) The commencement of a suit by the plaintiff, when properly done, terminates the running of the statute. 19 Am. and Eng. Ency. Law (2 Ed.), p. 257. (5) The imperfections of a writ of *scire facias* issued by the justice, if any, would not affect the validity of the order of revivor. Gant v. Railway, 79 Mo. 503. (6) The provisions of section 4029, R. S. 1899, are directory rather than mandatory, and, therefore, it is immaterial that the writ was not directed personally to the defendant. R. S. 1899, sec. 4029; Bick v. Wilkerson, 62 Mo. App. 32. (7) By appealing to the circuit court from the order of the justice reviving the judgment, the respondent waived all questions of jurisdiction set up by him in his original return to the writ before the justice. Gant v. Railway, 79 Mo. 503; Fitterling v. Railway, 79 Mo. 504; Damhorst v. Railway, 32 Mo. App. 355; Rice v. Railway, 30 Mo. App. 110; Carter v. Womack & Staggs, 64 Mo. App. 341. (8) The defendant in a proceeding by *scire facias* to revive a judgment before a justice cannot go behind the original judgment. Bauer v. Miller, 16 Mo. App. 257; Simpson v. Watson, 15 Mo. App. 425. (9) Proceedings by *scire facias* to revive judgments before justices of the peace are analogous to those of the circuit court upon writs of *scire facias*. Bick v. Tanzey, 181 Mo. 523.

*Lee Sale* for respondent.

(1) Where the ten-year period allowed by statute for reviving a justice's judgment expires before the return day of the citation for revival, the justice has no power to revive the judgment upon such citation. R. S. 1899, secs. 4024, 4025 and 4028; Tefft v. Bank, 36 Kan. 457. See also cases cited under point three. (2) Proceedings to revive a justice's judgment must be commenced at least ten days before the lapse of ten years from the rendition of the judgment. See statutes and cases above cited. (3) The summons issued by the justice is not a citation such as the statute requires, first, because in so far as it is intelligible, it is an ordinary summons; second, because it is not directed to defendant as is required by section 4029. Armstrong v. Crooks, 83 Mo. App. 148. (4) In order to revive a judgment, the requirements of the statute as to procedure must be strictly complied with. Gruble v. Wood, 27 Kan. 535; Dick v. Tansey, 181 Mo. 515; Goddard v. Delaney, 181 Mo. 564.

GOODE, J.—This is a proceeding by *scire facias* to revive a judgment of a justice of the peace. According to the stipulated facts the judgment was rendered by the justice February 25, 1897, and on February 21, 1907, plaintiff filed a petition to revive it before the successor of the justice by whom it had been given. A citation was issued and delivered to the constable on the same day, commanding him to summon defendant to appear before the justice to whom the petition of revivor had been addressed, on March 6, 1907, to answer the complaint of plaintiff, and then and there show cause, if any, why the judgment, describing it, should not be revived. This writ was served February 23, 1907. The cause was continued to March 28, when defendant appeared by his attorney and moved the judgment be not revived because the justice was with-

out jurisdiction and because no proper citation had been directed or served on defendant according to section 4028 of the statutes (R. S. 1899) and for other reasons which need not be stated. The justice overruled defendant's motion and entered judgment reviving the original judgment; whereupon defendant appealed to the circuit court and there prevailed, causing plaintiff to appeal to this court, where defendant's counsel assigns as reason for upholding the judgment of the court below, that the ten-year period in which the right to revive would be lost by statutory limitation had run prior to the date on which the citation served on defendant was returnable or could have been made returnable. [R. S. 1899, sec. 4031; Bick v. Wilkerson, 62 Mo. App. 21.] This proposition becomes clearer when we scrutinize the statutory provision that no judgment of a justice of the peace "shall be revived after the lapse of ten years from the rendition thereof," or from the date of a previous revival. [R. S. 1899, sec. 4028.] Defendant's counsel contends the language quoted from the statute forbids revival of any judgment unless application to have it revived is made long enough before the ten-year limitation has run, to enable the writ of *scire facias* to be issued and served on the defendant in time to be returnable within the ten-year period; that is to say, the application for revivor must be made at least ten days before the limitation period has expired, because, by virtue of section 4024, the shortest interval in which the writ can be made returnable is ten days from the date of service. Support for this view of the law is found in Tefft v. Bank, 36 Kan. 457. The code of Kansas says an order to revive an action against the representatives or successor of a defendant, shall not be made without the consent of such representatives or successor unless in one year from the time it could first have been made. Another section of that code says if a judgment becomes dormant, it may be revived in the same manner as is pre-

scribed for reviving actions before judgment. The two provisions construed together prohibit an order to revive a judgment which has become dormant from being made longer than óne year after it has become dormant; that is, the Kansas limitation period. In the case supra, the Supreme Court of Kansas said the filing of the motion to revive and giving notice, were not sufficient to bring the case within the limitation, but the point of limitation prescribed by the statute is the making of the order, and not the commencement of the proceeding to obtain the order; that a "party should at least commence proceedings in sufficient time to give the required notice to the adverse party of the hearing within the year, and the time fixed in the notice when the application is to be made should be within that period." The same court reiterated this doctrine in Reeves v. Long, 63 Kan. 700, saying revivor is purely of statutory origin and can only be accomplished in the mode and on the conditions prescribed by the statute; that as the Kansas statute explicitly says an order of revivor should not be made without consent unless within one year of the time in which it could be made, a court was without power to make it later. At this point in defendant's argument our attention is called to the Missouri statute concerning the revival of judgments in courts of record, which says "the plaintiff, or his legal representative, may, at any time within ten years, sue out a *scire facias* to revive a judgment or lien; but after the expiration of ten years from the rendition of the judgment, no *scire facias* shall issue." [R. S. 1899, sec. 3715.] That language is contrasted with the language of the statute for the revival of judgments of justices of the peace, which says they shall not "be revived after the lapse of ten years from the rendition thereof," and it is argued the first section was intended to place a limitation on the commencement of proceedings to revive, whereas the latter was intended to put a limitation upon judgments of revivor. No doubt the language of

the two sections is consistent with this conclusion and the question is whether it compels the conclusion. If the section relating to judgments of justices absolutely forbids an order to revive a dormant judgment after ten years from its rendition, singular consequences may ensue. The judgment creditor could apply long within the limitation period, and from one cause or another no hearing be had until after the period had expired, in which case it might be out of the power of the justice to order a revivor. Or, an appeal might be taken to the circuit court, and the delay occasioned carry the hearing of the application beyond the limitation period and that court be without power to revive. Those contingencies might or might not suffice to create an exception, or take the cause out of the statute. We decide nothing as to that. Probable mischiefs cannot overcome the effect of any statute if, fairly considered, it will bear but one meaning. Our statute on the subject in hand is less explicit than the Kansas one, for the latter says, in effect, an order to revive cannot be made except by consent of the parties after one year from the time the judgment becomes dormant, whereas our statute says no judgment shall be revived after the lapse of ten years from its rendition; but it is hard to discern how the words "no judgment shall be revived" can be held to mean no *scire facias* to revive a judgment shall be sued out or no application for revival shall be made. Against our first impression we have come to the conclusion, after study of the point, that the statute fixes the limit of time in which a revival may be ordered and not in which it may be applied for, as is the case in proceedings to revive a judgment in a court of record. What has led us to this conclusion, besides the positive terms of the statute, are the circumstances leading to the enactment of the limitation. It was decided in Humphrey v. Lundy, 37 Mo. 320, there was no statutory limitation of proceedings to revive justices' judgments, and they

might be revived at any time; that the ten years then prescribed for suing out writs of *scire facias* to revive judgments, related only to those of courts of record. In fact the statute regarding the revival of justice's judgments merely said "a judgment once revived may be again revived in the same manner and with like effect as the first revival was had." [Gen. Stat. 1865, ch. 182, sec. 12.] In Corby v. Tracy, 62 Mo. 511, this decision of the point was followed, and in the opinion Judge Hough called attention to the anomalous rules of law relating to justices' judgments. He showed it was possible by revival to keep a judgment of a justice of the peace in force for more than twenty years, or the period in which it ought to be presumed to have been satisfied, and that in the particular case the judgment might be regarded as in force after twenty-three years. This and another incongruity not necessary to be mentioned, were noticed, the opinion said, "with the hope that some remedy may be provided by the appropriate department of the government." No doubt, in consequence of this opinion, the Legislature, in revising the statutes in 1879, amended section 12 of chapter 182 of the General Statutes of 1865, by adding these words: "Provided, that no judgment shall be revived after the lapse of twenty years from the rendition thereof, or from the date such judgment may have been revived as hereinbefore provided." That amendment fixed the limitation period at twenty years from the date of a judgment or any previous revival of it as the time in which it must be revived or become defunct. It is to be borne in mind the opinion of the Supreme Court in Corby v. Tracy had remarked upon the incongruity of permitting justices' judgments to be kept alive by revival for more than twenty years, or beyond the time when, according to analogy, they would be presumed to have been satisfied. Therefore it is unlikely the Legislature meant in the amendment to leave that incongruity intact. But if the twenty-year period pre-

scribed in the statute was meant to limit the time in which a *scire facias* could be sued out, and not in which a revival could be ordered, it was still possible, by applying for a *scire facias* a few days before the twenty years expired, and making the writ returnable after the expiration, and perhaps by continuing the proceeding, to keep the judgment alive after it ought to be presumed satisfied. The probable intention was in prescribing twenty years as the limitation to forbid a revival after that period. Thus the statute stood until 1895, when the amendment of the original enactment was itself amended by striking out the word "twenty" and inserting in lieu of it the word "ten," so that the language was: "Provided that no judgment shall be revived after the lapse of ten years from the rendition thereof or from the date such judgment may have been revived as hereinbefore provided." This is the language of the statute now in force, and we cannot escape the opinion that whatever the Legislature may really have intended, the only intention that can be gleaned from a fair interpretation of the language used and the history of the enactment, was to limit the time in which an order to revive could be made.

The judgment is affirmed. All concur.