Charles E. MICHAEL, Appellant,

v.

Fred SMITH, Appellee.

No. 12344.

United States Court of Appeals, District of Columbia Circuit.

Argued Jan. 10, 1955.

Decided Feb. 3, 1955.

Mr. Luther Robinson Maddox, with whom Mrs. Marie Flynn Maddox, Washington, D. C., was on the brief, for appellant.

Mr. Sidney S. Sachs, with whom Messrs. Lewis Jacobs and Dexter M. Kohn, Washington, D. C., were on the brief, for appellee.

Before WILBUR K. MILLER, FAHY and WASHINGTON, Circuit Judges.

FAHY, Circuit Judge.

The question is whether a money judgment may be revived by an order of the District Court made after the expiration of 12 years from its date on a motion filed during the 12 year period.[1]

On April 22, 1930, Michael, the appellant, obtained a judgment against Smith, the appellee, in the sum of $1,000.00. On April 16, 1942, within 12 years, Michael filed a motion in the District Court to renew the judgment, stating that it was valid and existing and in full force and effect. On April 23, 1942, the court, reciting in its order, *inter alia*, that a copy of the motion had been duly served and that no opposition to it had been filed, adjudged that the judgment "be and the same hereby is revived and extended for a further period of twelve years from the date of the expiration thereof."[2] On March 20, 1954, Michael again moved the court to revive the judgment, reciting its history and again stating that it was still a valid and existing judgment in full force and effect. This time there was opposition to the motion, particularly that the order of April 23, 1942, was not entered within 12 years of April 22, 1930, and therefore did not serve to renew or revive the judgment. The court, relying principally upon § 15–107, D.C.Code 1951, sustained this position,

holding that the life of the original judgment had expired April 22, 1942. Accordingly, on April 26, 1954, the court denied the motion for revival filed March 20, 1954.[3]

The pertinent Code provisions are susceptible of different interpretations. Supporting the view that the court order of revival must be made within the 12 year period is § 15–101, D.C.Code 1951, to the effect that the judgment shall be good "for the period of twelve years only" from the date execution might first be issued; but this section adds, "or from the date of the last revival thereof under scire facias," without explicitly linking the time of the order for such revival to an exact 12 year period. § 102 provides that at the expiration of "said period of twelve years" the judgment "shall cease" to have any operation or effect, "and no action shall be brought on the same nor any scire facias or execution issued on the same thereafter;"[4] but, again, there is no explicit exclusion of a fiat issued thereafter upon a scire facias issued theretofore. And § 205 provides that at any time "during the life of the original judgment" the plaintiff, instead of issuing execution within the time allowed therefor, may "issue a scire facias on the same and obtain a new judgment as aforesaid." Whether the new judgment must be entered before the 12 years expire is not stated.

It is not clear from these provisions that Congress intended court action essential to revival to be concluded within the period specified for the initiation of steps to that end. Moreover, § 107 provides that if during the 12 years

1. The judgment had been entered by the Supreme Court of the District of Columbia, which later became and now is the United States District Court for the District of Columbia.

2. We do not deem it necessary in the present case to interpret the words "from the date of the expiration thereof", or their effect.

3. The Code provisions themselves are

phrased in terms of *scire facias* and *fiat*, rather than in terms of *motion* and *order*. But Rule 81(b), Fed.R.Civ.P., 28 U.S. C.A., abolishes the writ of scire facias and substitutes therefor an appropriate motion, so that the language of the Code is now to be read as translated by the Rules.

4. This provision according to its terms does not affect any proceeding pending for the enforcement of the judgment.

the judgment creditor shall cause a scire facias to be issued "and a fiat shall be issued thereupon," the effect shall be to extend the judgment for 12 years from the date of such fiat. This is by no means a clear withdrawal of all life from the judgment while proceedings looking to its renewal are being pursued, even though their completion lags behind the flight of time across the 12 year line. See, also, § 204.

■ Uncertainty as to the meaning of the language of the Code leads to some further consideration of the nature of the subject. A writ of scire facias, which as we have pointed out is now replaced by a motion, may be contested. See O'Neill & Co. v. Schulze, 177 Md. 64, 7 A.2d 263. The judgment might have been released, paid, or otherwise discharged. Opportunity to make defenses must be accorded, and preferably before the court acts by fiat or order. The time consumed in giving and utilizing this opportunity is variable according to the status of the court's work, questions raised, and other circumstances. It is hardly sound to construe ambiguous statutory directions as requiring a judgment creditor to calculate with precision these time factors or else to suffer the loss of his judgment. If he allows a reasonable time the court ordinarily will be able to act within the 12 years, but how much to allow cannot be determined in advance with exactness. In the case at bar the calculation turned out to be one day short. And if a motion must be filed so early as to avoid the possibility of the expiration of 12 years before the court acts the intended statutory life of the judgment is shortened; because the renewal period begins from the court's order, see § 107, supra.

■ Preservation of rights is made to depend in many instances upon action within a definite time. But ordinarily the one upon whom the initiative rests keeps his right alive for the time being if he makes the appropriate move within the specified time; and here there are no circumstances out of the ordinary since the court order was entered but one day more than 12 years after the original date of the judgment. We conclude that the order of April 23, 1942, validly renewed the judgment of April 22, 1930.

Insofar as we are advised our ruling conforms with the practice which has prevailed in this jurisdiction. We are referred to several instances in which, without being questioned, orders reviving judgments have been signed after the expiration of the 12 year period. Riccardi v. Stoddard (D.C.D.C.Mun.Ct. Judgment Docket No. 4781–54); Family Small Loan Co. v. Dishner (D.C.D.C. Mun.Ct.Judgment Docket No. 6084–54). In Collins v. McBlair, 29 App.D.C. 354, the right of the court so to do was conceded, though not adjudicated. Our ruling is also consistent with Salvoni v. Pilson, 86 U.S.App.D.C. 227, 181 F.2d 615, certiorari denied, 339 U.S. 981, 70 S.Ct. 1030, 94 L.Ed. 1385, though there too the point was not decided. We have examined the cases cited to us by appellee for a contrary view, principally from Kansas, where, however, the unambiguous wording of the statute was decisive, and from Oklahoma, whose statute is modelled upon that of Kansas. German Literary Society v. Bloch, 143 Mo.App. 7, 122 S.W. 351, gives some support to appellee's position, but should be compared with the later Missouri case of Kennedy v. Boden, Mo.App., 231 S.W.2d 862.

Reversed and remanded for proceedings not inconsistent with this opinion.