Shirley MAYO, Appellant,

v.

Lee MAYO, Appellee.

No. 84–1204.

District of Columbia Court of Appeals.
Argued Oct. 3, 1985.
Decided April 30, 1986.

Robert H. Reiter, Washington, D.C., with whom John H. Spaulding, Bethesda, Md., was on brief, for appellant.

Alexandra Wyman Cathcart, Arlington, Va., for appellee.

Before NEWMAN, FERREN and ROGERS, Associate Judges.

NEWMAN, Associate Judge:

To decide this appeal, we must determine whether the twelve-year time period contained in D.C. Code § 15–101 (1981) is a limitation on the jurisdiction of the Superior Court or whether it constitutes a statute of limitation.[1] We conclude that it is a

---

1. In pertinent part, D.C. Code § 15–101 reads:
§ 15–101. Enforceable period of judgments; expiration.

   (a) Except as provided by subsection (b) of this section, every final judgment or final decree for the payment of money rendered in the—

   (1) United States District Court for the District of Columbia; or
   (2) Superior Court of the District of Columbia, when filed and recorded in the office of the Recorder of Deeds of the District of Columbia, is enforceable, by execution issued thereon, for the period of twelve years only from the date when an execution might first

statute of limitation; we reverse the trial court's ruling to the contrary.

## I

### *Factual Background*

On August 3, 1963, the trial court entered an order in a support and maintenance action brought by Shirley Mayo against her husband, Lee Mayo; he was ordered to pay her $50 per week support and maintenance. He was sporadic in his payments, to say the least. In 1980, Lee Mayo sued for divorce. Shirley Mayo sought judicial relief with respect to the arrears under the 1963 support and maintenance order. Although represented by counsel, Lee Mayo did not assert § 15–101 as a bar to his wife's recovery of payments more than twelve years overdue. The court granted the divorce and determined the arrears to be $41,600, a sum which included arrears due for periods in excess of twelve years. A writ of attachment issued. Approximately two years later, Lee Mayo sought relief from this Order, contending the court was without jurisdiction to enforce its judgment for arrears accruing more than twelve years prior to the Order. The trial court agreed. This appeal by Shirley Mayo followed.

## II

■ Court ordered alimony or support payments constitute judgment debts as each installment becomes due and payable, *Padgett v. Padgett,* 472 A.2d 849, 852 (D.C. 1984); execution may issue upon them whether or not the judgments are recorded pursuant to D.C. Code § 15–101 (1981). *Lomax v. Spriggs,* 404 A.2d 943, 945 (D.C. 1979); *Kephart v. Kephart,* 89 U.S.App. D.C. 373, 380–81, 193 F.2d 677, 684 (1951) (en banc), *cert. denied,* 342 U.S. 944, 72 S.Ct. 557, 96 L.Ed. 702 (1952).

■ D.C.Code § 15–101 (1981) provides that every money judgment has an enforceable life of twelve years from the date "execution might first be issued thereon." *Id.* Unless a court order is issued within the twelve year statutory period reviving the right to payment of matured support amounts, the judgment and any right to receive satisfaction of the debt "cease(s) to have any operation or effect." D.C. Code § 15–101(b) (1981); *see also* D.C. Code § 15–103 (1981); *Lomax v. Spriggs, supra,* 404 A.2d at 948–49.[2] The critical inquiry is whether D.C. Code § 15–101 is a jurisdictional limiting statute as Lee Mayo claims or a statute of limitation as Shirley Mayo claims.[3] Generally, an order issued by a court without jurisdiction over the subject matter ruled upon can be challenged at any time. *See Wade v. Union Storage & Transfer Co.,* 58 A.2d 493, 496 (D.C.1948); *Fishel v. Kite,* 69 App.D.C. 360, 362, 101 F.2d 685, 687 (1938).[4] A

be issued thereon, or from the date of the last order of revival thereof....

. . . . .

(b) At the expiration of the twelve-year period provided by subsection (a) of this section, the judgment or decree shall cease to have any operation or effect. Thereafter, except in the case of a proceeding that may be then pending for the enforcement of the judgment or decree, action may not be brought on it, nor may it be revived, and execution may not issue on it (citations omitted).

2. D.C. Code § 15–103 (1981) provides that if a money judgment is revived during the appropriate time frame (twelve years under 15–101), the order of revival extends all rights and remedies thereunder for another twelve year period starting from the date of the order. *Id.*

3. We note that the general position for statutory limitations upon actions is found at chapter 3 of Title 12 of the D.C. Code. *See* D.C. Code § 12–301 et seq. (1981). Although section 12–301 provides limitations on a variety of actions, it is not the exclusive statute governing the statute of limitations field.

4. *But see Insurance Corp. of Ireland v. Compagnie des Bauxites,* 456 U.S. 694, 702 n. 9, 102 S.Ct. 2099, 2104 n. 9, 72 L.Ed.2d 492 (1982) (noting that, due to principles of *res judicata,* where a party had an opportunity to litigate question of the trial court's subject matter jurisdiction but failed to do so, the question may not be reopened in a collateral attack upon an adverse judgment) (citing *Chicot County Drainage Dist. v. Baxter State Bank,* 308 U.S. 371, 375–76, 60 S.Ct. 317, 319–20, 84 L.Ed. 329 (1940); *Stoll v. Gottlieb,* 305 U.S. 165, 59 S.Ct. 134, 83 L.Ed. 104

statute of limitation is an affirmative defense which must be asserted in a responsive pleading before the trial court. *See* Super.Ct.Dom.Rel.R. 8(c) (1981). Failure to plead the limitation defense results in a waiver thereof. *See Ledman v. G.A.C. Finance Corp.*, 213 A.2d 246, 247 n. 1 (D.C.1965); *Atchison & Keller v. Taylor*, 51 A.2d 297 (D.C.1947). *See generally 5 Wright & Miller, Federal Practice and Procedure: Jurisdiction* § 1278 (1969). *Cf. Whitener v. Washington Metropolitan Area Transit Authority*, 505 A.2d 457 (D.C.1986) (no statute of limitation waiver where the defense is raised for the first time on motion for summary judgment).[5] A statute of limitations defense, once waived (expressly or by nonassertion), may not be raised by a collateral attack upon an adverse judgment or for the first time on appeal. *See Ledman, supra*, 213 A.2d at 247 n. 1.

The judiciary has "primary responsibility over questions of statutory interpretation." *Lubrizol Corp. v. Environmental Protection Agency*, 183 U.S.App.D.C. 288, 298 n. 23, 562 F.2d 807, 817 n. 23 (1977) (quoting

*Zuber v. Allen*, 396 U.S. 168, 193, 90 S.Ct. 314, 328, 24 L.Ed.2d 345 (1969)); *see also In re Estate of Shutack*, 469 A.2d 427, 429–30 (D.C.1983). When faced with cases where the provisions of a particular statute are at issue, courts are obliged to apply recognized canons of statutory construction in determining meaning and effect. *See generally* 2A Sutherland, Statutes and Statutory Construction § 45 (4th ed.1986).[6]

Where, as in the present case, neither the plain language of the statute nor its legislative history provide insight as to whether it is a jurisdictional limitation or a statute of limitations, we may resort to extrinsic aids to assist in our interpretation. *Cf. United States v. Young*, 376 A.2d 809, 813 (D.C.1977) (noting that extrinsic aids are not necessary where statute is plain on its face). Accordingly, this court has held that, if the language within a current statute is substantially the same as language appearing in an older version, we are at liberty to refer to the old statute and carry an existing judicial or legislative interpretation forward in our construction of the newer statute. *See Davis v. United*

(1938)); *see also International Union, United Automobile, Aereospace & Agricultural Implement Workers of America, UAW v. Donovan*, 244 U.S.App.D.C. 141, 143 n. 12, 756 F.2d 162, 164 n. 12 (1985); 11 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE, § 2862 at 197–200 (1973); 13A WRIGHT, MILLER & COOPER, FEDERAL PRACTICE AND PROCEDURE, § 3536 at 535–36 (1984).

5. Federal courts of appeal have also held the affirmative defense of statute of limitation must be asserted in pleadings before the trial court or it will be waived. *See, e.g., American Nat. Bank of Jacksonville v. Federal Deposit Ins. Corp.*, 710 F.2d 1528, 1537 (11th Cir.1983); *Colonial Refrigerated Transp. Inc. v. Worsham*, 705 F.2d 821, 826 (6th Cir.1983); *Moore v. El Paso County, Texas*, 660 F.2d 586, 590 n. 4 (5th Cir.1981), *cert. denied*, 459 U.S. 822, 103 S.Ct. 51, 74 L.Ed.2d 57 (1982); *United States v. Indiana Bonding & Sur. Co.*, 625 F.2d 26, 29 (5th Cir.1980); *Moore v. Tangipahoa Parish School Bd.*, 594 F.2d 489, 495 (5th Cir.1979); *Pearce v. Wichita County, City of Wichita Falls, Texas, Hosp. Bd.*, 590 F.2d 128, 134 (5th Cir.1979); *cf. Baker v. Chicago Fire & Burglary Detection, Inc.*, 489 F.2d 953 (7th Cir. 1973) (no statute of limitation waiver where defense is later raised for the first time in a summary judgment context rather than in the answer because nonmoving party suffered no

prejudice by such action); *Pierce v. County of Oakland*, 652 F.2d 671, 672 (6th Cir.1981) (statute of limitation not waived where raised in a motion to dismiss rather than in the answer). We may look towards their interpretation of the identical federal rule of civil procedure to lend support and guidance in our interpretation of the local rule. *Varela v. Hi-Lo Powered Stirrups, Inc.*, 424 A.2d 61, 68 (D.C.1980) (quoting *Tupling v. Britton*, 411 A.2d 349, 351 (D.C.1980) (citations omitted)).

6. We need not set forth the various canons of statutory construction in the present case. For a general overview of the guidelines that we must observe in our interpretation of statutory provisions, *see Varela v. Hi-Lo Powered Stirrups, Inc.*, 424 A.2d 61, 64–65 (D.C.1980); *see also Office of People's Counsel v. Public Service Comm'n*, 477 A.2d 1079, 1083–84 (D.C.1984); *In re Williams*, 471 A.2d 263, 265–66 (D.C.1984); *In re Estate of Shutack, supra*, 469 A.2d at 429; *In re Estate of Glover*, 470 A.2d 743, 749 (D.C. 1983); *Peoples Drug Stores, Inc. v. District of Columbia*, 470 A.2d 751, 753–55 (D.C.1983) (en banc); *United States v. Young*, 376 A.2d 809, 813 (D.C.1977).

*States*, 397 A.2d 951, 956 (D.C.1979); *see also John Hancock Mutual Life Ins. Co. v. Helvering*, 76 U.S.App.D.C. 6, 13, 128 F.2d 745, 752 (1942).

■ The current D.C. statutory provision regarding the enforcement period for a judgment, section 15–101, may be traced back to chapter 23 of the 1715 Maryland Act which was adopted upon the formation of the District of Columbia and initially codified in the 1901 District of Columbia Code.[7] Containing language similar to that found in current D.C.Code § 15–101, the Maryland Act provided, "[that] no bill, bond, [or] judgment ... shall be good and pleadable, or admitted in evidence ... after ... the thing in action [has been] above twelve years standing."[8] The provisions of the 1715 Maryland Act were reviewed by the District of Columbia courts on several occasions prior to their initial codification in the 1901 D.C. Code. In all cases, the Act was consistently characterized as a "statute of limitations of actions" upon judgments in the District of Columbia. *See Mann, supra*, 2 App.D.C. at 234; *Galt v. Todd*, 5 App.D.C. 350, 353–55 (1895). Accordingly, the *Galt* court held that the time period for enforcement begins to run "from the date of the judgment, or from the time of the expiration of the stay or supersedeas thereof ... or from the time when process of execution could have legally issued on the judgment." *Galt, supra*, 5 App.D.C. at 355. In the absence of an interpretation to the contrary, we may rely upon this older version of the statute, and the interpretation attached thereto, to conclude that the current D.C. Code § 15–101 is a statute of limitation.

■ Since Lee Mayo did not raise the statute of limitations as a defense to the 1980 claim by Shirley Mayo for arrears exceeding twelve years, he cannot rely upon a section 15–101 statute of limitation argument as the basis of a subsequent attack. Thus, Mr. Mayo's motion before Judge Bowers for reduction of the arrearage specified in the 1980 order, on the grounds that certain money judgments could not be enforced in light of D.C. Code § 15–101, was improperly granted.

*Reversed.*

───

7. D.C. Code 1901, § 1212.

8. Compiled statutes in force in the District of Columbia, ch. XLII, § 8. *See, e.g., Mann v. Cooper*, 2 App.D.C. 226, 234 (1894) (noting statute of limitations in force in the District is the Maryland Act of 1715).