NATIONAL BANK OF WASHINGTON,
Appellant,

v.

George E. CARR, et al., Appellees.

No. 01–CV–1599.

District of Columbia Court of Appeals.

Submitted Nov. 12, 2002.

Decided Aug. 7, 2003.

Richard A. Lash, Fairfax, VA, and Tony C. Boone, Centreville, VA, were on the brief for the appellant, Bobby D. Associates, Successor in Interest to the Named Appellant, National Bank of Washington.

Vanessa Carpenter Lourie was on the brief for the appellees, George E. Carr and Carr and Company, Inc.

Before SCHWELB, RUIZ and GLICKMAN, Associate Judges.

RUIZ, Associate Judge:

On November 2, 1989, the National Bank of Washington ("National Bank") obtained a default judgment in the amount of $21,444.44, plus interest, costs, and attorney's fees, against appellees, George E. Carr and Carr and Company, Inc., on three overdue and unpaid promissory notes. On May 7, 1997, appellant, Bobby D. Associates, obtained an assignment of the National Bank judgment, assuming the position of judgment creditor.[1] On October 17, 2001, the judgment creditor filed a motion to revive the National Bank judgment against appellees, which was due to expire on November 2, 2001. *See* D.C.Code § 15–101 (2001).[2] Appellant

---

1. Bobby D. Associates is the assignee in interest to the Cadle Company, which is the assignee of Commercial Financial Services, Inc., the successor in interest to the Federal Deposit Insurance Corporation in its capacity as receiver for the National Bank.

2. Section 15–101 provides in relevant part:
   (a) Except as provided by subsection (b) of this section, every final judgment or final decree for the payment of money rendered in the—
   (1) United States District Court for the District of Columbia; or
   (2) Superior Court of the District of Columbia,

... is enforceable, by execution issued thereon, for the period of twelve years only from the date when an execution might first be issued thereon, or from the date of the last order of revival thereof ....

   (b) At the expiration of the twelve-year period provided by subsection (a) of this section, the judgment or decree shall cease to have any operation or effect. Thereafter, except in the case of a proceeding that may be then pending for the enforcement of the judgment or decree, action may not be brought on it, nor may it be revived, and execution may not issue on it.

*See* D.C.Code § 15–101 (2001).

filed a second motion to revive the judgment along with a "Motion to Shorten Time" on November 1, 2001.[3]

By order filed November 9, 2001, the trial court denied the three motions as moot. The court noted that while the first motion for revival of the judgment, which was due to expire on November 2, 2001, was received in chambers on October 26, 2001, and the second motion to revive and motion for expedited action were filed on November 1, 2001, "the last possible day on which this court could act, ... [t]hese three motions came to the attention of the [court] on [November 8, 2001], after the twelve-year revival period had elapsed."[4] The court interpreted D.C.Code § 15–103 as requiring that an order of revival be issued during the twelve-year period from the date of judgment or revival, and, finding itself without authority to act, dismissed the motions as moot.[5]

We have held that the twelve-year period in D.C.Code § 15–101 is not jurisdictional in nature, but a statute of limitations that, as an affirmative defense, is waived if not timely asserted. *See Mayo v. Mayo,* 508 A.2d 114, 117 (D.C.1986). Therefore, to the extent that the trial court appears to have thought it was without authority to act, it was incorrect as a matter of law.

Nonetheless, appellees argue that if the court had not acted to deny the motions before they had an opportunity to respond to the motions to revive, they would have interposed the statute of limitations as a defense. Even if we assume that to be the case, we conclude that as a matter of law the limitations period had not expired, and the trial court should have considered the timely motions to revive the judgment.

In *Michael v. Smith,* 95 U.S.App. D.C. 186, 221 F.2d 59 (1955), the United States Court of Appeals for the District of Columbia Circuit considered the same question in light of the twelve-year provision of § 15–101 of the D.C.Code, which has remained virtually unchanged since its adoption and codification in the 1901 District of Columbia Code. *See Mayo,* 508 A.2d at 117 (tracing § 15–101 to chapter 23 of the 1715 Maryland Act). In *Michael,* the Court of Appeals considered the District Court's denial of the appellant's motion to revive judgment for a third twelve-year period where the District Court had found that because the order reviving the judgment for the second period was not entered *within* the initial twelve years allotted by statute, the life of the original judgment had expired before the second revival period was granted.[6] *See Michael,* 95

---

**3.** The "Motion to Shorten Time" requested that the court act before the twelve-year expiration of the judgment. In light of our disposition, we need not address the court's failure to rule on the motion to act expeditiously.

**4.** On November 16, 2001, appellant filed a motion to alter or amend judgment pursuant to Rule 59(e), arguing that appellees waived their statute of limitation claim, citing *Mayo v. Mayo,* 508 A.2d 114 (D.C.1986). In their opposition, appellees, for the first time, argued that the court's authority to act was barred by the twelve-year limitation in § 15–101. On December 17, 2001, the trial court denied appellant's Rule 59(e) motion. A timely notice of appeal was filed on December 28, 2001.

**5.** Section 15–103 provides:

An order of revival issued upon a judgment or decree *during* the period of twelve years from the rendition or from the date of an order reviving the judgment or decree, extends the effect and operation of the judgment or decree with the lien thereby created and all the remedies for its enforcement for the period of twelve years from the date of the order.

D.C.Code § 15–103 (2001) (emphasis added).

**6.** On April 16, 1942, Michael filed a motion to revive a judgment rendered on April 22, 1930, six days before the twelve-year expiration date.

U.S.App. D.C. at 187, 221 F.2d at 60. In reversing the District Court's ruling, the Court of Appeals noted that it was not clear from the statute "that Congress intended court action essential to revival to be concluded within the period specified for the initiation of steps to that end." *Id.* at 188, 221 F.2d at 60. Recognizing that motions for revival may be contested, the court reasoned that

> It is hardly sound to construe ambiguous statutory directions as requiring a judgment creditor to calculate with precision these time factors or else to suffer the loss of his judgment. If he allows a reasonable time the court ordinarily will be able to act within the 12 years, but how much to allow cannot be determined in advance with exactness.

*Michael,* 95 U.S.App. D.C. at 188, 221 F.2d at 61. Noting that "[p]reservation of rights is made to depend in many instances upon action within a definite time" and that "the one upon whom the initiative rests keeps his right alive for the time being if he makes the appropriate move within the specified time," the court held that, barring "circumstance out of the ordinary," if a motion is filed before the statutory deadline, the judgment remains valid even if the court order reviving the judgment was entered after the twelve-year anniversary of the original judgment. *Id.* To require that a motion to revive "be filed so early as to avoid the possibility of the expiration of 12 years before the court acts" would shorten "the intended statutory life of the judgment … because the

renewal period begins from the court's order." *Id.* (citation omitted).

The court in *Michael* chose not to construe the precursor to § 15–103,[7] upon which the trial court relied in this case, as "a clear withdrawal of all life from the judgment while proceedings looking to its renewal are being pursued, even though their completion lags behind the flight of time across the 12 year line." *Id.* Nor can we, in light of precedent, give that provision its plain meaning. *See Connecticut Nat'l Bank v. Germain,* 503 U.S. 249, 254, 112 S.Ct. 1146, 117 L.Ed.2d 391 (1992) (holding that, when the words of a statute are clear, "the judicial inquiry is complete") (citation and internal quotations omitted). We think that the reasoning of *Michael* that places definitive significance on the filing of a motion to revive judgment is consistent with our holding in *Mayo* that the twelve-year period in the statute does not implicate the court's authority to revive a judgment, but is a statute of limitations that governs the assertion of a right.

Appellant in this case timely filed on October 17, 2001, a motion to revive a judgment rendered on November 2, 1989, sixteen calendar days before it was to expire on November 2, 2001. Thus, we cannot affirm either on the trial court's determination that it could not act or on appellees' alternative theory that the statute of limitations had expired because the motions did not come to the attention of the trial court until after the twelve years had lapsed.

---

7. Section 15–107 of the 1951 D.C.Code referred to the writ of *scire facias* which, as the court noted in *Michael,* "is now replaced by a motion." 95 U.S.App. D.C. at 188, 221 F.2d at 61. That section read:

> If during the period of twelve years from the rendition of the judgment or decree, or from judgment upon a [motion] thereon, the creditor *shall* cause a [motion] to be

> issued upon the judgment or decree and [an order] shall be issued thereupon, the effect of such [order] shall be to extend the effect and operation of said judgment or decree with the lien thereby created and all the remedies for the enforcement of the same for the period of twelve years from the date of such [order].

D.C.Code § 15–107 (1951).

Therefore, we reverse the trial court's order of dismissal and remand for consideration of the motions to revive the judgment. If appellees offer no other defense or cause why the judgment should not be revived, the trial court should grant appellant's motion to revive the judgment. *Cf. Michael,* 95 U.S.App. D.C. at 188, 221 F.2d at 61 (suggesting that a court may deny a properly filed motion to revive for cause shown, including release, payment or discharge of judgment or proper defenses).

*So ordered.*